UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Operating Engineers Local #49
Health and Welfare Fund, Central
Pension Fund of the International
Union of Operating Engineers and
Participating Employers, and Local #49
International Union of Operating
Engineers and Associated General
Contractors of Minnesota
Apprenticeship and Training
Program, and their Trustees,

                  Plaintiffs,

    vs.                            REPORT AND RECOMMENDATION

Carroll Excavating, Inc., and
Mary Lou Carroll, individually,

                  Defendants.        Civ. No. 09-3153 (JNE/RLE)

* * * * * * * * * * * * * * * * * * *

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Plaintiffs' Motion for Entry of a Default Judgment, and for an Injunction. A Hearing on the Motion was conducted on April 1, 2010, at

which time, the Plaintiffs appeared by Michael P. Eldridge, Esq., and no appearance was made by, or on behalf of, the Defendants. Indeed, up through the time of the Hearing, no appearance had previously been made by, or on behalf of, the Defendants, and no appearance has been made since the time of the Hearing.

For reasons which follow, we recommend that a Judgment of Default be entered against the Defendants, and that they be ordered to timely produce payroll and employment records, as further detailed in this Report.

## II. Findings of Fact

1. This is an action to enforce an employer's obligations to make contributions to multi-employer benefit plans under the terms of a Collective Bargaining Agreement, and to allow the Plaintiffs to collect potential liquidated damages, together with an award of interest, reasonable attorneys' fees, and the costs of this action.

2. The Court has jurisdiction over this action pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act ("ERISA"), Title 29 U.S.C. §§1132(e) and 1145, under Section 301 of the Labor Management Relations Act ("LMRA"), Title 29 U.S.C. §185, and under Title 28 U.S.C. §1331. As provided in Title 29 U.S.C. §1132(e)(2), venue is proper within this District.

3. The Plaintiffs are trustees and fiduciaries of multi-employer benefit funds (the "Funds"), as defined by Title 29 U.S.C. §§1002(3) and (37). The Funds are established to provide, <u>inter alia</u>, pension, health and welfare benefits, and training to employees working in the construction trades, and are maintained for the benefit of workers pursuant to a Collective Bargaining Agreement.

4. At all relevant times, the Defendant Carroll Excavating, Inc. ("Carroll Excavating"), has been bound by a certain Collective Bargaining Agreement between the Associated General Contractors of Minnesota, Highway, Railroad, and Heavy Construction Division, and the International Union of Operating Engineers, Local No. 49 (the "Collective Bargaining Agreement"), which sets the terms and conditions of employment, including an obligation to make monetary contributions to the Funds, for the benefit of its employees. The Collective Bargaining Agreement has a term running from April 20, 2008, through April 30, 2011. Pursuant to the provisions of the Collective Bargaining Agreement, Carroll Excavating agreed to be bound by, and to make contributions on behalf of the covered employees in conformity with, the Collective Bargaining Agreement. All contributions must be made, and all reports must be submitted, to Wilson-McShane Corporation, 3001 Metro Drive, Suite 500,

Minneapolis, Minnesota 55425, which serves as the third party administrator of the Funds.

5. The Defendant Mary Lou Carroll ("Carroll") is party to a Participating Agreement with the Operating Engineers Local #49 Health and Welfare Fund ("Welfare Participating Agreement"), in which Carroll agrees to bind herself individually to the full and faithful performance of the Welfare Participating Agreement, which, in turn, obligates Carroll to make contributions to the Health and Welfare Fund pursuant to the Collective Bargaining Agreement.[1]

6. Pursuant to the terms of the Collective Bargaining Agreement, Carroll Excavating, as an employer, is obligated to compute the contribution for each employee, submit that information on a report form, and pay those contributions to the Funds, on or before the 15th day of the month, following the month for which the contribution is being made.

7. The Collective Bargaining Agreement provides that an employer is liable for an additional fifteen percent (15%) of all contributions, which are not timely

---

[1] The Plaintiffs do not seek to hold Carroll individually liable for contributions due and owing to the Central Pension Fund, or the Apprenticeship and Training Program.

submitted, as liquidated damages, and also provides that the Plaintiffs are entitled to their attorney fees and costs.

8. The Plaintiffs have complied with all conditions precedent, which would entitle them to Carroll Excavating's performance under the Collective Bargaining Agreement.

9. The Collective Bargaining Agreement further obligates Carroll Excavating to allow the Plaintiffs, or their authorized agent, to audit its employment, business and payroll records, and related documentation, in order to determine compliance with the reporting and payment obligations of the Collective Bargaining Agreement.

10. Carroll Excavating has failed to timely submit the fringe fund reports, and contributions, for the period of March of 2009, through the present (the "Audit Period").

11. Plaintiffs reasonably believe that Carroll Excavating employed individuals during those months, as to which it would be obligated to remit the reports, indicating the payments that were due or, if appropriate, that no hours were worked. The Plaintiffs need to audit the materials requested in their Complaint, so as

to determine whether Carroll Excavating complied with the reporting and payment obligations of the Collective Bargaining Agreement.

12. By the evidence that has been adduced in connection with this Motion, the Court is unable to determine the extent to which, if at all, Carroll Excavating is delinquent in its contributions to the Funds.

13. Following the filing of this action on November 9, 2009, a copy of the Summons and Complaint were personally served upon the Defendants, on November 10, 2009. See, <u>Docket No. 2</u>.

14. Copies of the Plaintiffs' Notice of Motion and Motion, its Memorandum of Law in support of the Motion, and accompanying Affidavits, were served by mail upon the Defendants on February 2, 2010. See, <u>Docket No. 12</u>. A letter submitted by the Plaintiffs, following the Motion Hearing, and the Supplemental Affidavit of Melissa Urban-Brown, were served by mail upon the Defendants on April 15, 2010. See, <u>Docket. No. 18</u>. The Defendants have not responded to this Motion, or filed and served an Answer, or other response, to the Summons and Complaint.

15. The Defendants have been in default and, on December 2, 2009, the Clerk of this Court entered Default against the Defendants. See, <u>Docket No. 6</u>.

16. The Defendants are not infants or incompetent persons. See, Rule 55(b)(2), Federal Rules of Civil Procedure.

## III. Conclusions of Law

1. The Court has jurisdiction over this action pursuant to Sections 502 and 515 of ERISA, Title 29 U.S.C. §§1132 and 1145, under Section 301 of LMRA, Title 29 U.S.C. §185, and under Title 28 U.S.C. §1331.

2. The Court has personal jurisdiction over all of the parties to this action, and venue in the District of Minnesota is proper. See, Title 29 U.S.C. §1132(e)(2); Title 28 U.S.C. §103(5).

3. The Defendants have failed to plead, or to otherwise defend, and that fact has been made to appear by evidence, including Affidavits, as adduced at the time of the Hearing in this matter. As a result, the Plaintiffs are entitled to the entry of a Default Judgment against the Defendants.

4. The Defendants are both obligated to pay to the Health and Welfare Fund all fringe benefit contributions, liquidated damages, and the attorney fees and costs that have been incurred in collecting the delinquent contributions. In addition, Carroll Excavating is obligated to pay the Central Pension Fund, and the Apprenticeship and Training Program, all fringe benefit contributions, liquidated damages, and the

attorney fees and costs that were incurred in collecting the delinquent contributions to those Funds.

5. The Funds have no adequate remedy at law to redress the Defendants' failure to produce Carroll Excavating's payroll and employment records, for the Audit Period.

6. Awarding injunctive relief to enforce the Fund's right to audit Carroll Excavating's payroll and employment records will serve the public interest.

7. The Defendants will suffer no harm if ordered to permit the Plaintiffs to perform an audit.

8. The Funds are entitled to injunctive relief and are not required to provide security pursuant to Rule 65(c), Federal Rules of Civil Procedure.

9. The Plaintiffs have not provided evidence of the total extent of their entitlement to compensatory damages, to liquidated damages, or to additional contributions from the Defendants, either by way of an Affidavit, or Declaration and Accounting, the testimony of an informed witness, or the deposition of an authorized representative of Carroll Excavating. In the absence of any such evidentiary showing, we are unable to recommend the entry of a Final Judgment in this matter.

10. Under Rule 55(b)(2), Federal Rules of Civil Procedure, the Court is authorized to "conduct such hearings or order such references as it deems necessary and proper" in determining the amount of damages to be awarded to the party which seeks a Default Judgment. Pursuant to this authority, we recommend that the District Court direct the Defendants to submit to the Plaintiffs, **by a timely date certain**, those employment and payroll records that are necessary to permit the Plaintiffs to complete an audit disclosing the amount, if any, of unpaid contribution payments that may be owing to the Plaintiffs, under the terms of the Collective Bargaining Agreement. In the event that the Defendants fail to comply with the directive, the Defendants should be caused to personally appear before this Court on an Order to Show Cause as to why contempt charges should not issue for failure to comply.

11. If this Recommendation is adopted, then, after having an opportunity to audit Carroll Excavating's books and records, the Plaintiffs should schedule an Evidentiary Hearing before the Court, at which time, they shall offer proof of the amount of the Final Judgment which should be entered on their behalf.

NOW, THEREFORE, It is --

RECOMMENDED:

1. That the Plaintiffs' Motion for an Entry of Default Judgment, and for an Injunction [Docket No. 8] be granted.[2]

2. That, to the extent not previously completed, then, pursuant to Rule 55(b)(2), Federal Rules of Civil Procedure, the Defendants be directed to produce to the Plaintiffs, **by a timely date certain**, a complete set of payroll and employment records for the Audit Period, that are necessary to permit the Plaintiffs to complete an audit disclosing the amount, if any, of unpaid benefit contribution payments that are owed to the Plaintiffs under the terms of the Collective Bargaining Agreement.

3. That, if this Recommendation is adopted, and after having had an opportunity to audit the books and records of Carroll Excavating, the Plaintiffs may move the Court for the entry of a money Judgment in the amount of unpaid contributions, liquidated damages, and reasonable attorney fees and costs, and the Plaintiffs should be directed to schedule an Evidentiary Hearing before the Court, at

---

[2]As we have already detailed, Carroll is individually liable only as to the Health and Welfare Fund and, to the extent that we recommend Judgment against her, our recommendation is limited solely to liability with respect to the Health and Welfare Fund contributions.

which time, the Plaintiffs shall offer proof of the amount of the Final Judgment which should be entered on their behalf.

Dated: June 14, 2010                               *s/Raymond L. Erickson*
                                                    Raymond L. Erickson
                                                    CHIEF U.S. MAGISTRATE JUDGE

## NOTICE

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than June 28, 2010,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than June 28, 2010**, unless all interested

parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.